**TRANSCRIBED FROM DIGITAL RECORDING**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                   )<br>          Plaintiff,              )<br>     vs.                          )<br>                                   )<br> VIBGYOR OPTICAL SYSTEMS, INC.,    )<br> BHARAT VERMA,                     )<br> also known as "Victor Verma,"     )<br> and                               )<br> URVASHI VERMA, also known as      )<br> "Sonia Verma" and "Urvashi        )<br> Bhushan",                         )<br>          Defendants.              ) | Case No. 15 CR 18-1<br>         15 CR 18-2<br>         15 CR 18-3<br><br>Chicago, Illinois<br>February 20, 2015 |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SUSAN E. COX, MAGISTRATE JUDGE

APPEARANCES:
For the Plaintiff:         HON. ZACHARY T. FARDON
                           UNITED STATES ATTORNEY
                           BY: MR. BOLLING W. HAXALL
                               MS. SHOBA PILLAY
                           Assistant United States Attorneys
                           219 South Dearborn Street, Suite 500
                           Chicago, IL 60604

For Defendant Vibgyor
Optical Systems and
Bharat Verma:              ARNSTEIN & LEHR, LLP
                           BY: MR. RONALD D. MENAKER
                               MR. NANCY L. DePODESTA
                           161 North Clark Street, Suite 4200
                           Chicago, IL 60601

**\*\*PLEASE NOTIFY OF INCORRECT SPEAKER IDENTIFICATION\*\***
NOTE:   FAILURE TO STAND NEAR THE MICROPHONE MAKES
        PORTIONS UNINTELLIGIBLE AND INAUDIBLE

Transcriber:
           SANDRA M. MULLIN,
       United States District Court
  219 South Dearborn Street, Room 2260
       Chicago, Illinois  60604
       Telephone:  (312) 554-8244
       Sandra_Mullin@ilnd.uscourts.gov

```
 1    APPEARANCES:  (Continued)

 2    For Defendant
      Urvashi Verma:        FEDERAL DEFENDER PROGRAM
 3                          BY:  MS. ROSE LINDSAY-GUIMARAES
                            55 East Monroe Street, Suite 2800
 4                          Chicago, IL 60603

 5
      ALSO PRESENT:         MR. ALBERT MALDONADO,
 6                          Pretrial Services.
```

| | |
|---|---|
| 1 | (Proceedings heard in open court:) |
| 2 | THE CLERK:  Case No. 15 CR 18, USA versus Vibgyor |
| 3 | Optical Systems, et al. |
| 4 | MR. HAXALL:  Good afternoon, your Honor.  Bolling |
| 5 | Haxall and Shoba Pillay on behalf of the United States. |
| 6 | THE COURT:  Good afternoon. |
| 7 | MR. MENAKER:  Judge, good afternoon.  Ron Menaker |
| 8 | and Nancy DePodesta on behalf of both Victor Verma, or Bharat |
| 9 | Verma, who is present, and Vibgyor Optical Company. |
| 10 | THE COURT:  Good afternoon to you as well. |
| 11 | MS. LINDSAY:  And good afternoon.  Rose Lindsay, |
| 12 | Federal Defender Program on behalf of Ms. Urvashi Verma, who |
| 13 | is present. |
| 14 | THE COURT:  Good afternoon. |
| 15 | MR. MALDONADO:  Good afternoon, your Honor.  Albert |
| 16 | Maldonado, pretrial services. |
| 17 | THE COURT:  Good afternoon to you.  And thank you |
| 18 | for your updated reports, which I received and I've reviewed. |
| 19 | This is an initial appearance as well as |
| 20 | arraignment; correct? |
| 21 | MR. HAXALL:  Yes, your Honor. |
| 22 | THE COURT:  Okay.  The purpose of the hearing today |
| 23 | is to inform you of the charge that's been filed against you |
| 24 | to take your plea to that charge.  But before I do any of |
| 25 | that, I need to inform you of your constitutional rights.  So |

1  listen carefully because, at the end of what I'm going to
2  say, I'm going to make sure that you understand what it is
3  I've explained to you.  Okay?  Yes?
4          MR. VERMA:  Yes.
5          MS. VERMA:  Yes.
6          THE COURT:  Okay.  You're not required to make any
7  statements to the governmental authorities.  If you've made a
8  statement, you need not say anything else.  If you choose to
9  make a statement, you may stop at any time.  Keep in mind any
10 statement you make to the government can be used against you.
11 Do you understand what I've just explained to you concerning
12 statements?
13         MS. VERMA:  Yes.
14         MR. VERMA:  Yes.
15         THE COURT:  Thank you.  I also want to advise you
16 that you have the right to counsel and to confer with your
17 counsel at every critical stage of this criminal proceeding,
18 including this one.  What that means in plain English is that
19 at any time during this hearing, or any other hearing you
20 might have before another judge, if there is something you
21 want to ask your lawyer, if you need to talk to your lawyer
22 for any reason whatsoever, you just need to let me or any
23 other judge know, and we'll stop the hearing and allow you
24 the opportunity to meaningfully consult with counsel.  Do you
25 understand that?

| | |
|---|---|
| 1 | MR. VERMA:  Yes. |
| 2 | MS. VERMA:  Yes. |
| 3 | THE COURT:  Okay.  If you're unable to afford an attorney, I will appoint one to represent you at no cost.  You also have the right to retain or, rather, hire counsel of your own choice, or even to waive the assistance of counsel and to represent yourself, if you voluntarily and intelligently elect to do so. |
| 9 | You have the right to have your lawyer with you during any questioning by the governmental authorities.  Do you fully understand your rights concerning counsel?  Yes? |
| 12 | MR. VERMA:  Yes. |
| 13 | MS. VERMA:  Yes. |
| 14 | THE COURT:  Yes? |
| 15 | MR. VERMA:  Yes. |
| 16 | MS. VERMA:  Yes. |
| 17 | THE COURT:  Okay.  Are both of -- you're retained counsel? |
| 19 | MR. MENAKER:  Well, I'm retained. |
| 20 | THE COURT:  Yes.  Have you filed an appearance? |
| 21 | MR. MENAKER:  I have, Judge. |
| 22 | THE COURT:  Okay.  And -- |
| 23 | MS. LINDSAY:  And, your Honor, I will be submitting forms for today's purposes. |
| 25 | THE COURT:  Okay.  All right.  Let me have those, |

1   please.  And do you have a financial affidavit?
2       MS. LINDSAY:  No.  Ms. Verma is going to seek to
3   hire someone.
4       THE COURT:  Okay.  So you're just representing her
5   for today's purposes?
6       MS. LINDSAY:  Yes.
7       THE COURT:  Okay.  All right.  Here you go, Nakita,
8   you can take that so I don't lose it.
9       Okay.  Have you provided a copy of the indictment
10  to the defendants and their counsel?
11      MR. HAXALL:  Yes, your Honor.  They were able to
12  get it from the PACER system.
13      THE COURT:  Okay.  And would you summarize the
14  charge that's pending and the maximum possible penalty for
15  that charge.
16      MR. HAXALL:  Your Honor, each of the defendants are
17  charged with, in Count 1, with conspiracy to violate the Arms
18  Export Control Act.  And, in Count 2, with conspiracy to
19  defraud the United States, in violation of 18 USC Section
20  371.  That offense carries a maximum term of five years
21  imprisonment, a $250,000 fine, three years of supervised
22  release, and a $100 assessment.  Each defendant was also
23  charged with a substantive violation of the Arms Export
24  Control Act in violation of Title 22 United States Code
25  Section 2778(c).  That offense carries a penalty of up to

1  20 years imprisonment, a million-dollar-fine, three years
2  supervised release, and a $100 assessment.
3        Mr. Bharat Verma and Vibgyor Optical are
4  additionally charged in Count 4 with money laundering in
5  violation of 18 United States Code 1956(a)(2)(a).  That
6  offense carries a possible penalty of up to 20 years
7  imprisonment, a $500,000 fine, a term of three years
8  supervised release and a $100 assessment.
9        THE COURT:  Thank you very much.  Do you both
10 understand the charges that are pending against you?  Yes?
11       MR. VERMA:  Yes.
12       MS. VERMA:  Yes.
13       THE COURT:  And the maximum possible penalties, if
14 you were to be convicted of those charges.  Yes?
15       MR. VERMA:  Yes.
16       THE COURT:  All right.  Yes?
17       MS. VERMA:  Yes.
18       THE COURT:  Do you want me to have the indictment
19 read out loud, or do you waive?
20       MR. MENAKER:  I'd waive formal reading, your Honor.
21       THE COURT:  And on behalf of your client?
22       MS. LINDSAY:  We'll waive formal reading as well.
23       THE COURT:  Okay.  And what is your plea?
24       MR. MENAKER:  Not guilty.
25       MS. LINDSAY:  Not guilty.

1          MR. VERMA:  Not guilty.

2          MS. LINDSAY:  All charges.

3          THE COURT:  All right.  This is Judge Bucklo's
4   case; is it not?

5          MR. HAXALL:  It is, your Honor.

6          THE COURT:  Okay.  I don't have her schedule, but I
7   can figure it out.  Okay.  Your 16.1(a) conference should
8   take place on or before February 27th.  The defense's
9   pretrial motions are due on or before March 9th.
10  Government's response on March 19th.  And she wants to see
11  you on March 13th at 10:00 am.  Is there a motion to exclude
12  time?

13         MR. HAXALL:  There is, your Honor.  And just so the
14  court is aware, there are approximately 24,000 pages of
15  discovery.  So in the interest of justice to allow discovery
16  to be tendered and reviewed by counsel.

17         THE COURT:  I assume there is no objection?

18         MR. MENAKER:  No, there isn't, Judge.  But since we
19  don't get to see Judge Bucklo before the pretrial motions are
20  due, I wonder if the court would consider just striking that
21  date for the pretrial motion, only because --

22         THE COURT:  I would love to do that, but I'm
23  utterly without power to do so.  But I can make a suggestion.
24  I'm sure, if you were to contact her deputy and explain
25  that -- that situation, they -- I'm not even sure Judge

1  Bucklo is currently in town.
2          MR. HAXALL:  She is not, your Honor.
3          THE COURT:  I think that's one of the reasons why
4  it's kicked back a bit.  So why don't you just do that.  And
5  I'm sure you can get that deadline changed.  I just can't
6  change it.
7          MR. MENAKER:  I understand.
8          THE COURT:  Okay.  There are limits to my power.
9          All right.  So I'm going to -- hearing no objection
10  to the exclusion of time, I'm going to exclude time in the
11  interest of justice, up to and including March 13th at
12  10:00 AM.
13          So that takes care of that.  Which gets us to the
14  issue of bond.  I assume everyone has had an opportunity to
15  review the pretrial services report?
16          MR. HAXALL:  Yes, your Honor.
17          THE COURT:  Okay.  And do you guys have proposed
18  release orders for us?
19          MR. HAXALL:  We do.  First, the government has
20  tendered counsel, I don't think there is an objection, to a
21  $4,500 unsecured bond.
22          THE COURT:  Okay.
23          MR. HAXALL:  In addition, your Honor, the
24  government is seeking to have each defendant report to
25  pretrial services.  I know that the latest report as to

| | |
|---|---|
| 1 | Mr. Verma indicates recommendation of no monitoring or no |
| 2 | reporting -- |
| 3 | THE COURT:  Right. |
| 4 | MR. HAXALL:  -- to pretrial.  I can elaborate on |
| 5 | that. |
| 6 | THE COURT:  You want reporting? |
| 7 | MR. HAXALL:  I do, your Honor. |
| 8 | THE COURT:  Tell me why. |
| 9 | MR. HAXALL:  Your Honor, this is a situation in |
| 10 | which the defendant, as is noted, holds dual citizenship.  He |
| 11 | has traveled repeatedly to India.  This is -- as your Honor |
| 12 | can tell from the indictment, this has been a long-term |
| 13 | fraud.  In addition, it's noteworthy that in his report to |
| 14 | pretrial Mr. Verma indicates that he has made no money for |
| 15 | the last several years from this company.  We have |
| 16 | indications that at least the company was bringing in |
| 17 | significant amounts of income contrary to the information he |
| 18 | has provided to the pretrial officer. |
| 19 | For all of these reasons, we're not seeking to have |
| 20 | him detained.  We're not asking to have him -- |
| 21 | THE COURT:  I understand. |
| 22 | MR. HAXALL:  -- on the monitor. |
| 23 | THE COURT:  You just want to check him. |
| 24 | MR. HAXALL:  Exactly right. |
| 25 | THE COURT:  And that would be true for both -- |

1  both --
2       MR. HAXALL:  I don't believe Ms. Verma is
3  objecting.  It's notable that she declines --
4       THE COURT:  To give a -- right.
5       MR. HAXALL:  -- a sample.  So I think,
6  notwithstanding that issue, but I think pretrial is still
7  recommending reporting for her.
8       THE COURT:  Uh-huh.
9       MR. MENAKER:  Judge, may I respectfully object?
10      THE COURT:  Of course you may.
11      MR. MENAKER:  Well, and I will do so, to the
12 government's request.  Mr. Verma is 75 years old.  In talking
13 to the pretrial services officer, obviously having to come
14 down here to personally report, he lives in the far northern
15 suburbs.  It would be --
16      THE COURT:  Where is that?
17      MR. MENAKER:  Arlington Heights.  Well, it's not
18 that far.
19      THE COURT:  It's not like we're talking the border
20 of Wisconsin.
21      MR. MENAKER:  No.
22      THE COURT:  I don't really think it's much of a
23 burden to have your client report from time to time to
24 pretrial services.  And, in fact, a lot of that phone -- a
25 lot of that contact is done by phone.  But I do think that

```
 1   the dual citizenship is something of a concern, as well as
 2   I'm familiar with the allegations in the -- in the
 3   indictment.  And suffice to say that, given the relative low
 4   burden of your -- on your client, and the fact that a
 5   check-in every once in a while, I very rarely, in my own
 6   matters, not have any check-in with pretrial services.  It's
 7   very unusual for me to go along with that.  So I'm going to
 8   require it in this case.  So --
 9              MR. MENAKER:  Okay.
10              THE COURT:  -- I respectfully overrule your
11   objection.
12              MR. HAXALL:  We do have the orders, your Honor.
13              THE COURT:  Okay.
14              MR. HAXALL:  In addition, just as a housekeeping
15   matter, your Honor, I'm asking leave to file with the court
16   the summons that were issued for each defendant to be here
17   today.
18              THE COURT:  Okay.  All right.  We'll make those of
19   record in the case.
20              MR. HAXALL:  Thank you.
21              THE COURT:  Okay.  The release orders.  Okay.  I
22   need those.  You can take those back.
23              Are we requiring her to submit a sample?
24              MR. HAXALL:  It's part of the order that she do so.
25              THE COURT:  Yeah.
```

| | |
|---|---|
| 1 | PRETRIAL SERVICES: That's correct, your Honor. |
| 2 | THE COURT: You know, I always -- I always like to |
| 3 | put in a date of appearance, so I'm going to put in judge -- |
| 4 | for both defendants, I'm going to put in Judge Bucklo's |
| 5 | status date. Now, having said that, you can certainly seek |
| 6 | to waive the appearance for them, but I like a date in my |
| 7 | orders. I don't just like it to be blank. So I'm going to |
| 8 | do that, and then you can talk with the deputy when you have |
| 9 | your other conversation about pretrial motions. |
| 10 | MR. MENAKER: Oh, I'm sorry, I don't want to do |
| 11 | that for you. |
| 12 | MR. HAXALL: Your Honor, counsel took some notes on |
| 13 | the appearance. Can we get another first page of the |
| 14 | appearance filed? |
| 15 | THE COURT: What's her room again? 1441? Yeah, I |
| 16 | got it. I got it. |
| 17 | THE CLERK: I'll check that courtroom. |
| 18 | THE COURT: I got it. All right. Let me just go |
| 19 | through this first. Well, I'll wait until -- let me have |
| 20 | them both, and then I can do them the same time. They're |
| 21 | more or less the same, I think. Thank you. |
| 22 | Okay. I'm going to go through with you now the |
| 23 | conditions under which I'm ordering your release. Oh, and by |
| 24 | the way, have either of these defendants been processed by |
| 25 | the United States Marshals? |

1  MR. MENAKER: We're going to do that when we're
2  through here, Judge.
3  THE COURT: Okay. That has to be done today.
4  Okay. All right. Here we go.
5  The most -- obviously the most important part of
6  this -- thank you -- this order is that you appear as
7  directed. And your first required appearance, unless it's
8  waived by the judge, is on March 13th at 10:00 a.m. for
9  status. The order -- the order is also, as we've already
10 discussed, going to require you to submit to supervision by
11 the pretrial services as directed. Now, depending on your
12 individual circumstances and their continued evaluation, that
13 will be -- that can be, once in a while, it can be by
14 telephone. That -- I leave that in their hands to figure
15 out. But that will be required. You've surrendered your
16 passports already; have you not?
17 MR. MENAKER: Judge, the government is in
18 possession of Mr. Verma's passport.
19 THE COURT: They have them, okay. All right. So
20 you can't try to get any other passport while you're out on
21 bond. You need to stay in the Northern District of Illinois.
22 If you need to travel someplace else, you can seek leave to
23 do so, but you have to talk to pretrial services first. You
24 can't just travel without getting permission.
25 Do either of you have a gun in your home?

1  MR. VERMA: No.

2  MS. VERMA: No.

3  THE COURT: No. Okay. You can't have a gun in a
4  place where you -- where you live.

5  You may not use alcohol excessively. You may not
6  use narcotic drugs, unless they are prescribed by a
7  physician. You must -- you must report as soon as possible
8  any contact with law enforcement. Now, that means anything
9  as mundane as, for example, you might run a stop sign while
10 you're out on bond. I hope you don't, but you might. If you
11 do, you have to report that to your pretrial services officer
12 immediately. They're going to find out anyway, but if you
13 don't report it first, it's a violation of this order.
14 Understood?

15 MR. VERMA: Yes.

16 MS. VERMA: Yes.

17 THE COURT: Okay. And then with respect to Urvashi
18 Verma, you are going to submit an initial drug test to
19 pretrial services. Now, if that's negative, that will be the
20 end of it. If it's positive for some reason, there may be
21 additional testing that will be required, and they will come
22 back to me, or, rather, probably to Judge Schenkier to figure
23 that out. Okay?

24 MS. VERMA: Okay.

25 THE COURT: All right. There are lots of penalties

1    and sanctions for willful violations of the release order,
2    but the most important thing is that, if you do violate it
3    willfully, your bond can be revoked, and you will have to
4    spend the time waiting for your charges to be disposed of in
5    jail.  So, please, if you have any questions about any of
6    this, or anything else, talk to pretrial services, and, of
7    course, your attorneys, and they will be happy to answer
8    those questions.
9            Is there anything else that anybody would like me
10   to say with respect to these defendants?  Or admonishments?
11           MR. HAXALL:  I don't believe so, your Honor.
12           MR. MENAKER:  No, your Honor.
13           MS. LINDSAY:  Nothing from us.
14           THE COURT:  Okay.  Good enough.  Then I will sign
15   both release orders.  And then after you do your bonds, you
16   can go back to -- or go to the marshals.  That's a pretty
17   routine matter.  You just get fingerprinted, and they have
18   you fill out some paperwork.
19           Okay.  Here you go, Nakita, here are the release
20   orders for each of them.  And then here are the bond.
21           The bond that you're posting doesn't require you to
22   put up any cash.  It's a 4,500 unsecured bond.  Of course, if
23   you violate the release order, the government can seek to
24   recover all of that money from you.
25           Okay.  So this is that for each defendant, Nakita.

1 So you can have them do that.
2 Anything further we need to take up at this time?
3 MR. HAXALL: I don't believe so, your Honor.
4 MR. MENAKER: No, your Honor.
5 THE COURT: Okay. Thank you very much.
6 MR. MENAKER: Thank you, Judge.
7 THE COURT: So we'll take a few minutes, I know I
8 have another matter, we'll take a few minutes to do the bond,
9 and then I'll come out for that. Okay?
10 THE CLERK: All rise. Court stands in recess.
11 (Which were all the proceedings heard.)
12 CERTIFICATE
13 I certify that the foregoing is a correct transcript
14 from the digital recording of proceedings in the
15 above-entitled matter to the best of my ability, given the
16 limitations of using a digital-recording system.
17
18 /s/Sandra M. Mullin                    October 5, 2018
19 _____          _____
   Sandra M. Mullin                         Date
20
21
22
23
24
25